**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 19-22088 (JJT) |
| | : | |
| JEFFREY C. SCHWARTZMAN, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| JOHN J. O'NEIL, JR., CHAPTER 7 | : | ADV. PRO NO.: |
| TRUSTEE FOR THE ESTATE OF | : | |
| JEFFREY C. SCHWARTZMAN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DAVID ZACK and LESLIE HERMAN, | : | MAY 12, 2020 |
| | : | |
| Defendant. | : | |

**COMPLAINT**

1. The debtor, Jeffrey C. Schwartzman (the "Debtor") is an individual who resides at 24 Mill Pond Road, Unit #16, Granby, CT 06035

2. The defendant, David Zack ("Defendant Zack") is an individual who resides at 29 Circle Drive, Rumson, NJ 07760.

3. The defendant, Leslie Herman ("Defendant Herman") is an individual who resides at 114 Oxford Drive, South Windsor, CT 06074.

4. On December 11, 2019 (the "Filing Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

5. The Plaintiff John J. O'Neil, Jr. (the "Trustee") is the duly appointed Chapter 7 Trustee for the Debtor's Estate.

**Factual Background**

6. As of April 3, 2019, the Debtor owed $300,000 in personal loans, $273,022.17 concerning a defaulted lease, and $15,872.84 in unpaid rent. These debts remain unpaid.

7. The Debtor's Schedules disclose assets of only $20,514.01 and $0.00 as income.

8. This complaint initiates an adversary proceeding pursuant to §§544, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 ("Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover a constructive fraudulent transfer of the Debtor's property made to or for the benefit of the Defendant.

9. This Court has jurisdiction, under 28 U.S.C. §§157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

10. The matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (E), (H) and (O).

11. Pursuant to 28 U.S.C. §1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

**First Claim for Relief**
**Constructive Fraudulent Transfer Against David Zack**
**11 U.S.C. §548(a)(1)(B)**

1-11. Paragraphs 1-11 of this Complaint are repeated and re-alleged as if fully set forth herein.

12. The Debtor by means of a Quit-Claim Deed dated March 5, 2019 transferred certain property located at 114 Oxford Drive, South Windsor, CT (the "Property") and recorded

on April 3, 2019 in Volume 2697, Page 139 on the Town of South Windsor land records to the Defendant Zack for $1.00 consideration (the "Initial Transfer").

13. The Initial Transfer was made on or within two years before the Petition Date.

14. The Debtor received less than a reasonably equivalent value in exchange for the Initial Transfer.

15. At the time of the Initial Transfer, the Debtor was insolvent, or became insolvent as a result of the Initial Transfer in question.

16. At the time of the Initial Transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

17. The Initial Transfer constitutes a constructively fraudulent transfer avoidable by the Trustee pursuant to §548(a)(1)(B) of the Bankruptcy Code and is recoverable from Defendant Zack pursuant to §550(a) of the Bankruptcy Code.

18. As a result of the foregoing, pursuant to §§548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the Initial Transfer, (b) directing that the Initial Transfer be set aside, and (c) recovering the Initial Transfer, or the value thereof, from Defendant Zack for the benefit of the Debtor's Estate.

**Second Claim for Relief**
**UFTA Constructive Fraudulent Transfer Against David Zack**
**11 U.S.C. §§544(b)(1), Conn. Gen. Stat. §§52-552e(a)(2) and 52-552f(a)**

1-18. Paragraphs 1-18 of this Complaint are repeated and re-alleged as if fully set forth herein.

19. On April 3, 2019, at the time of the Initial Transfer, the Debtor was insolvent.

20. On April 3, 2019, the Debtor was unable to pay his debts as they became due.

21. The Debtor did not receive reasonably equivalent value in exchange for the Initial Transfer.

22. The Initial Transfer was effectuated when: the Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; and/or the Debtor was insolvent or the Debtor became insolvent as a result of the Initial Transfer.

23. At the time of the Initial Transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

24. The Initial Transfer constitutes a fraudulent transfer within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§52-552e(a)(2) and/or 52-552f(a).

25. As a direct and proximate result of the Initial Transfer, the Debtor, his estate and its creditors have suffered money damages.

26. At the time of the Initial Transfer, there have been creditors who have held and still hold matured or unmatured claims against the Debtor that were and are allowable under §502 of the Bankruptcy Code, or that were and are not allowable under §502(e) of the Bankruptcy Code.

27. The Trustee, on behalf of the Debtor's Estate, is entitled to avoid the Initial Transfer, to have it set aside and to recover the Initial Transfer, or the value thereof, pursuant to Conn. Gen. Stat. §§52-552e(a)(2), 52-552f(a) and 52-552h(a) from the Defendant Zack.

### Third Claim For Relief
**Liability of Transferee of Avoided Transfer Against Leslie Herman**
**11 U.S.C. §550(a)(2)**

1-27. Paragraphs 1-27 of this Complaint are repeated and re-alleged as if fully set forth herein.

28. Defendant Zack transferred the Property by means of a Quit-Claim Deed dated November 8, 2019 and recorded on December 6, 2019 in Volume 2738, Page 221 on the Town of South Windsor land records to Defendant Herman for $1.00 consideration (the "Subsequent Transfer").

29. Defendant Herman is the transferee of the Subsequent Transfer.

30. The Trustee, on behalf of the Debtor's Estate, is entitled to recover the Subsequent Transfer, or the value thereof, pursuant to 11 U.S.C. §550(a)(2), from Defendant Herman.

**WHEREFORE**, the Plaintiff John J. O'Neil, Jr., Chapter 7 Trustee for the Estate of Jeffrey C. Schwartzman respectfully requests the Court enter judgment in favor of the Trustee and against the Defendant as follows:

1. On the First Claim for Relief against David Zack, pursuant to 11 U.S.C. §§548(a)(1)(B), 550(a) and 551: (a) avoidance of the Initial Transfer; (b) an order directing that the Initial Transfer be set aside, and (c) recovery of the Initial Transfer, or the value thereof, from David Zack for the benefit of the Debtor's Estate;

2. On the Second Claim for Relief against David Zack, pursuant to Conn. Gen. Stat. §52-552h(a), 11 U.S.C. §544(b), 550(a): (a) avoidance of the Initial Transfer; (b) an order directing that the Initial Transfer be set aside, and (c) recovery of the Initial Transfer, or the value thereof, from David Zack for the benefit of the Debtor's Estate;

3. On the Third Claim for Relief against Leslie Herman, pursuant to 11 U.S.C. §550(a)(2), recovery of the Subsequent Transfer, or the value thereof, from Leslie Herman for the benefit of the Debtor's Estate.

4. Pre-judgment interest;

5. Costs; and

6. Such other and further relief as this Court deems just and proper.

Dated this 12th day of May, 2020.

**JOHN J. O'NEIL JR., CHAPTER 7 TRUSTEE FOR THE ESTATE OF JEFFREY C. SCHWARTZMAN**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhellmanlaw.com